**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50113 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00360-RGK-1 |
| v. | |
| BRIAN FLEWELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[**]

Appellant Brian Flewell (Flewell) challenges the district court's denial of his

motion to suppress his confession and evidence of child pornography found on his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John R. Tunheim, U.S. District Judge for the District of Minnesota, sitting by designation.

computer.  Flewell maintains that his confession and consent to search his computer were involuntary because Flewell was not advised of his *Miranda*[1] rights prior to an in-home interrogation.

The district court properly denied Flewell's motion to suppress.  The interrogation was non-custodial, as "a reasonable person in [Flewell's] position would [not] have felt deprived of his freedom of action in any significant way . . ." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008); *see also United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009), *as amended* ("An officer's obligation to give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is in custody.") (citation and internal quotation marks omitted).

The officers' deceptive tactics did not render Flewell's confession involuntary.  *See United States v. Crawford*, 372 F.3d 1048, 1060-61 (9th Cir. 2004) (en banc) ("Trickery, deceit, even impersonation do not render a confession inadmissible, certainly in noncustodial situations and usually in custodial ones as well . . .") (citation omitted).

Flewell voluntarily consented to the search of his computer.  The officers never compelled Flewell to consent and Flewell signed a consent form informing

---

[1]   *Miranda v. Arizona*, 384 U.S. 436 (1966).

him of his right to refuse consent. *See United States v. Vongxay*, 594 F.3d 1111, 1119-20 (9th Cir. 2010); *see also United States v. Childs*, 944 F.2d 491, 496 (9th Cir. 1991) ("The consent form clearly states that a person may refuse to sign it. Knowledge of the right to refuse consent is highly relevant in determining whether a consent is valid.") (citation omitted).

**AFFIRMED.**